IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **GEORGE BARRETT** <br> c/o Kolenich Law Office <br> 9435 Waterstone Blvd. #140 <br> Cincinnati, OH 45249 <br><br> Plaintiff, <br><br> v. <br><br> **EVAN MANN** <br> Address presently unknown <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 1:cv-20-00816 <br><br> **COMPLAINT** <br><br> **JURY DEMAND** |

Plaintiff GEORGE BARRETT for his Complaint against the above named Defendant, states as follows:

1. This is an action for violating plaintiff's right to be free from cruel and unusual punishment while he was a prisoner serving a sentence as well as for assault and battery under Ohio law. It arises out of a completely unjustified physical assault of Mr. Barrett by the defendant who was on duty as a corrections officer and acting under color of law at all relevant times.

1

**Parties**

2. Plaintiff is a citizen of the United States and the State of Ohio and is a resident of this judicial district.

3. Defendant was employed as a corrections officer by the Butler County Ohio Sheriff's Office and acting under color of state law at all relevant times.

**Jurisdiction and Venue**

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343. This Court has jurisdiction over all state law claims under 28 U.S.C. § 1367. Venue is proper over each claim and each defendant pursuant to 28 U.S.C. §1391(b)(1) and/or (b)(2).

**Facts**

5. Plaintiff was an inmate serving his sentence at the Butler County jail, located in Hamilton Ohio, from on or about October 11, 2019 until on or about December 11, 2019.

6. On October 20, 2019 plaintiff Barrett was in his cell with his cellmate Zach Eberhart.

7. Defendant Evan Mann, who was in uniform and on duty as a corrections officer at the time, entered Plaintiff's cell and ordered the cellmate to leave.

8. Defendant Mann advanced on Plaintiff in a menacing fashion such that Plaintiff reasonably feared he would be offensively touched.

9. Defendant Mann asked Plaintiff why the plaintiff had been disrespectful to corrections officers.

10. Plaintiff Barrett began to deny being disrespectful when Defendant slapped Plaintiff on the left side of plaintiff's face with an open hand.

11. Defendant then punched the Plaintiff several times with a closed fist.

12. Plaintiff's cellmate, Eberhart, rushed back into the cell and restrained defendant Mann.

13. Defendant Mann then exited the cell.

14. A third inmate, Renfro, was in his cell directly across from Plaintiff's cell at the time of this incident.

15. Renfro told Sheriff's Office investigators that he witnessed defendant Mann enter the plaintiff's cell, saw cellmate Eberhart leave the cell, saw defendant slap the Plaintiff once and punch the plaintiff several times, and saw inmate Eberhart restrain defendant Mann.

16. Renfro also told investigators that he heard defendant Mann tell Eberhart that he was going give Plaintiff phone cards and extra coffee packets because of the incident.

17. Corrections officer Zach Gilbert told investigators that defendant Mann admitted to Gilbert that defendant Mann had "whipped Barrett's ass."

18. Defendant Mann hit plaintiff so hard that Defendant Mann's watch was broken during the incident.

19. Plaintiff suffered fear of being physically attacked and redness, bruising, and other damages as well as substantial physical pain and discomfort

from the effects of the Defendant's threatening behavior as well as defendant's slapping and punching of the plaintiff, which pain and suffering lasted for several weeks after the incident.

20. On November 9, 2019 the Butler County Sheriff's Office fired Defendant Mann because of the above described incident.

21. The Defendant's actions were a willful threat to harm or touch the plaintiff offensively.

22. The Defendant had the apparent ability to harm or offensively touch the plaintiff at the time of the threat.

23. The Defendant did harm the plaintiff by intentionally and without consent slapping and punching the plaintiff.

24. The defendant's actions described above were cruel and unusual in violation of the Eighth Amendment to the United States Constitution as they were unnecessary, wanton, and totally without penological justification.

25. The defendant's actions described above were done willfully and/or with deliberate indifference and were taken under color of state law.

26. The plaintiff filed a "Notice of Complaint on Staff Member" which resulted an investigation, substantiation of plaintiff's complaint, and official discipline of the defendant and at least one other corrections officer. The plaintiff could not have taken any other administrative steps.

27. The plaintiff has, therefore, exhausted his available administrative remedies.

28. The plaintiff incorporates by reference Exhibit A to this Complaint as if fully re-written herein. Exhibit A is plaintiff's administrative complaint and it's results as reported by the Butler County Ohio Sheriff's Office.

29. The Defendant's wrongful actions described above violated plaintiff's Eighth Amendment right to be free of cruel and unusual punishment.

30. The Defendant's wrongful actions described above constitute assault and battery under Ohio law.

31. The defendant's wrongful actions described above were taken with malicious purpose, in bad faith, and/or in a wanton or reckless manner.

32. As a direct and proximate result of defendant's wrongful conduct described above Plaintiff has suffered redness of the skin , bruising, physical pain, and continues to suffer, anxiety, mental anguish, and emotional distress.

33. The Defendant's wrongful actions taken above were taken under color of state law and subjected the Plaintiff to the deprivation of rights, privileges, and immunities secured by the Constitution and laws of the United States of America, in violation of 42 U.S.C.A. § 1983 and of the laws of the State of Ohio.

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

    A. Compensatory damages in an amount to be shown at trial;

    B. Punitive damages;

    C. Costs incurred in this action including reasonable attorney's fees;

D. Prejudgment interest;

E. Such other and further relief as the Court may deem just and proper.

Dated: **October 15, 2020**

Respectfully submitted,

**THE LEWIS LAW FIRM, INC., LPA**

**By:         /s/ Cornelius "Carl" Lewis           **
**Attorney for Plaintiff**

**Cornelius "Carl" Lewis, Esq.**
**THE LEWIS LAW FIRM, INC., LPA**
119 East Court Street
Cincinnati, Ohio 45202
Phone: (513) 632-9542
Fax:    (513) 721-5824
e-mail:CarlLewisLaw@gmail.com
Ohio Supreme Court Reg. #0055700

**By:         /s/ James E. Kolenich          **
**Attorney for Plaintiff**
**KOLENICH LAW OFFICE**
9435 Watersone Blvd. #140
Cincinnati, Ohio 45249
Phone: (513) 444-2150
Fax:    (513) 297-6065
e-mail:Jim@TradLawyer.com
Ohio Supreme Court Reg. #0077084

# Butler County Sheriff's Office
## Notice of Complaint on Staff Member

### Employee Information:
- **Complaint Against:** CO Evan Mann
- **IDE #:** 2417
- **Division / Assignment:** Jail
- **Date of Incident:** unknown
- **Date Incident was Reported:** 11/06/19
- **Location of Incident:** G Block Cell 48

### Complaint Reported By:
- [ ] Citizen
- [ ] Internal
- [✓] Inmate
- [ ] Supervisor
- [ ] Other: (Explain) _____
- **Name:** George Barrett
- **Address:** 705 Hanover St
- **Phone/E-Mail:** _____

### Initial Complaint Received By:
- **Name:** Sgt. Rumpler
- **IDE #:** 1496
- **Division / Assignment:** Jail

### Type of Complaint:
- [✓] On-Duty
- [ ] Off-Duty
- [ ] Inmate Grievance
- Other: (Explain) _____

1. **Policy Number #** 2.20 — **Subsection # / Description:** 4-Conduct and Behavior
   - [ ] Improper Conduct [ ] Proper Conduct [ ] Insufficient Evidence [ ] Policy Failure [ ] Unfounded
2. Policy Number # ___ — Subsection # / Description: ___
   - [ ] Improper Conduct [ ] Proper Conduct [ ] Insufficient Evidence [ ] Policy Failure [ ] Unfounded
3. Policy Number # ___ — Subsection # / Description: ___
   - [ ] Improper Conduct [ ] Proper Conduct [ ] Insufficient Evidence [ ] Policy Failure [ ] Unfounded
4. Policy Number # ___ — Subsection # / Description: ___
   - [ ] Improper Conduct [ ] Proper Conduct [ ] Insufficient Evidence [ ] Policy Failure [ ] Unfounded
5. Policy Number # ___ — Subsection # / Description: ___
   - [ ] Improper Conduct [ ] Proper Conduct [ ] Insufficient Evidence [ ] Policy Failure [ ] Unfounded
6. Policy Number # ___ — Subsection # / Description: ___
   - [ ] Improper Conduct [ ] Proper Conduct [ ] Insufficient Evidence [ ] Policy Failure [ ] Unfounded

### Administrative Review:
- **Sergeant / Supervisor:** Sgt R. Pler — **IDE #:** 1496 — **Date of Review:** 11-6-2019
- **Division Commander:** _____ — **IDE #:** _____ — **Date of Review:** _____
- **Section Commander:** [signature] — **IDE #:** _____ — **Date of Review:** 11-17-19
- **Major:** [signature] — **IDE #:** 1072 — **Date of Review:** 14 Nov 19

### Internal Notification:
*(Only complete if an Internal Investigation is Initiated)*
- **Notification Date:** _____
- **Date of Interview:** _____
- **Time:** _____

### Final Disposition:
**I.A. Case #** 2019-IN-0119

**Non-Disciplinary Action(s):**
- [ ] No Action Taken
- [ ] Unfounded
- [ ] Parties Counseled

**Disciplinary Action(s):**
- [ ] Oral Reprimand
- [ ] Corrective Interview
- [ ] Written Reprimand
- [ ] Last Chance Agreement
- [ ] Suspension
- [✓] Probationary Removal
- [ ] Demotion of Rank
- [ ] Termination
- [ ] Other (See Below)

### Comments:
_____



**Butler County Sheriff's Office**

**Criminal Investigations Division**

---

On November 07, 2019 Detective Nerlinger and I interviewed Inmate George Barrrett in reference to a possible assault involving a jail staff member. Inmate Barrett stated he was in his cell on October 20, 2019, around 0530 hours and C/O Mann entered his cell and told his cellmate, Zach Eberhart, to leave. Inmate Barrett stated C/O Mann asked him why he has been disrespecting him and C/O Gilbert. When Inmate Barrett denied disrespecting them, C/O Mann open hand slapped him with his right hand across the left side of his face and then punched him several times with closed fists. Inmate Barrett stated that C/O Mann was then restrained by Inmate Eberhart then C/O Mann left the cell. Inmate Barrett stated he was told by Inmate Eberhart that he talked with C/O Mann and he told him he was going to get him some phone cards and extra coffee packs for the incident.

We also interviewed Inmate Phillip Renfro who was in his cell directly across from Inmate Barrett's at the time of the incident. Inmate Renfro stated he saw C/O Mann enter Inmate Barrett's cell and Inmate Eberhart leave immediately. Inmate Renfro stated he saw C/O Mann slap Inmate Barrett then punch him several times. Inmate Renfro stated he saw Inmate Eberhart restrain C/O Mann and was at the table with Inmate Eberhart when C/O Mann told him he was going to get him phone cards and extra coffee packs for the incident. Both inmates completed written statements and were returned to the jail.

Detective Ryan Hensley #1525

Printed on: 11/07/2019

# JAIL INCIDENT REPORT
## BUTLER CO. SHERIFF'S OFFICE

**Incident Number:** 2019-INC-16213
**Incident Description:** INMATE ISSUE/BARRETT
**Incident Date:** 10/20/2019 04:49:50
**Reporting Officer:** MANN EVAN B

**Inmates Involved:**
042754 : BARRETT, GEORGE EDWARD JR

**Narratives:**

Title: STATEMENT OF FACTS

Entered By: EVAN B MANN
Date Entered: 10/20/2019 05:06:

20191020        G-POD

Inmate BARRETT had to be directed to his cell after med pass after being asked to return twice. It is noted that while being escorted he fell going up the stairs hitting the rail. I asked if he was okay and he stated he was "good." He then proceeded to his cell in a timely manner without being escorted. The inmate will not be given a ticket, rather a verbal warning. I asked again if he felt he needed a medic, and once again denied the need for a medic. This report is for medical purposes if any issues should occur from this incident.

Respectfully,

C/O Mann #2417

# Office of the Sheriff

**Sheriff**
**Richard K. Jones**

Chief Deputy
Anthony E. Dwyer



705 Hanover St.
Hamilton, Ohio 45011

Hamilton 513.785.1000
Middletown 513.424.2456
www.butlersheriff.org

— Butler County, Ohio —

11/7/19

Sgt. Tanner and I were asked to interview C.O. Zach Gilbert about an incident that inmate George Barrett accused C.O. Evan Mann of assaulting him. Zach was given notice of internal and read his Garrity Rights and given a copy of both. He was asked twice if he wanted union representation and he declined.

Zach stated on October 20, he was relieved by C.O. Mann and had told him he had problems with inmate Barrett during his shift. He states on October 26 when he started his shift that inmate Barrett handed him a watch piece and said that Mann had whipped his ass and to give him back the piece to his watch. Zach states he called Mann who was working at Reso and told him what Barrett said. Zach denies Mann told him anything, but to give Barrett phone cards and coffee. Zach denies ever giving Barrett anything. I then had Zach try to get more detailed about his phone conversation with Mann. He continued to deny Zach told him anything about assaulting Barrett. He did finally admit to giving Barrett a phone card.

I then told Zach that he needed to relax and was probably was a bit nervous. I told him I believed there was more to the conversation with Mann. He stated there was not. I told Zach we had already talked to Mann, which we had not, and I was certain there was more to the phone conversation. I told Zach I was going to ask him one last time what did Mann tell him. Zach finally said Mann told him that he whipped Barret's ass. I asked him why he continued to lie while under an internal investigation He did not have an answer.

Zach was given a Probationary Removal by Major Craft.

Respectfully,

Sgt. R. Whitlock #338

# BUTLER COUNTY SHERIFF'S DEPARTMENT
## WITNESS STATEMENT FORM

STATE vs._____ CASE NO._____

Statement of **George Barrett** Address **5 Thornhill Dr.**

AGE: **43**   DOB: **1-4-76**   SEX: **M**   SS#: [redacted]

EMPLOYER'S NAME:_____ Address _____

PHONE NUMBER: (Residence) **5138448428** (Business) _____

Statement taken by_____ Date:_____ Time:_____

On or around 10-20-19 after break fast trays were put on cart, C.O. Mann came to my cell (48) told my cellmate Zach Eberhart to get out. C.O. Mann sat on the sink said I disrespeted C.O. Gilbert. Then said that the day I came to jail I was drunk when he was taking me to A-Pod after being booked in. I told him he was mistaken, I'm in Gold I don't go to A-Pod. He said you calling me a liar I said no just you got me confused with someone else. He then said these Hands don't forget when they are put on somebody. I told him he never was put his Hands on me. He then said I was calling him a liar and got up and walked to me.

I have read this statement consisting of __1__ page(s), and I understand it and it is true.

This statement was completed at **1:42** a.m./p.m. on the **2** day of **November** 20**19**.

Signature: *George Barrett*
Signature of person giving voluntary statement

WITNESS: **Det. J.V. #1440**

WITNESS: _____

Quality Publishing Co.   PAGE **1** OF **2**   BCSO: 53

BUTLER COUNTY SHERIFF'S DEPARTMENT

WITNESS STATEMENT FORM

STATE vs._____ CASE NO._____

Statement of _George Barrett_ Address _____

AGE: _____ DOB: _____ SEX: _____ SS#: _____

EMPLOYER'S NAME: _____ Address _____

PHONE NUMBER: (Residence) _____ (Business) _____

Statement taken by _____ Date: _____ Time: _____

He then open HAnd slaped me, punched me 3 or 4 times. Then my cellie grab C.O. Mann By his shirt collar pulling him off me and said (What are you doing) C.O. Mann then said my Bad sorry And left the cell. ~~C.O. Gil~~ C.O. Mann then came on the Intercom asked if I was ok or do I need a medic. I said I was fine. He said It wasnt a Big deal to get the medic. I refused ~~oT.~~ He then had C.O. Gilbert give me a phone card, and said He would Bring me coffee and phone cards when He came Back to work. He never did. I gave ~~him~~ C.O. Gilbert a piece to C.O. Mann's Watch that we Broke In my cell that morning. C.O. Mann said that his watch was shattered

I have read this statement consisting of _____ page(s), and I understand it and it is true.

This statement was completed at _____ a.m./p.m., on the _____ day of _____, 20___.

_George Barrett_                           WITNESS: _Det. ___ #144_
Signature of person giving voluntary statement
                                           WITNESS: _____

Quality Publishing Co.        PAGE _2_ OF _2_        BCSO: 53

# BUTLER COUNTY SHERIFF'S DEPARTMENT
## WITNESS STATEMENT FORM

STATE vs._____ CASE NO._____

Statement of **Phillip Renfro** Address **BCJ**

AGE: **47** DOB: **12-12-72** SEX: **M** SS#:_____

EMPLOYER'S NAME:_____ Address_____

PHONE NUMBER: (Residence)_____ (Business)_____

Statement taken by **Det. Ryan Hensley #1525** Date: **11-07-19** Time: **1313 hrs**

C.O. came up to cell 48 talking shit to inmate Geroge, talking about you giving my C.O. problems, you gave me problems down in A dorm. Inmate Geroge said you got me mixed up wit somebody else started arguing back & forth and C.O. Mann started punching on Inmate Geroge and Inmate Geroge cellie step in the middle of it and grabed the C.O. and told him he can't be doing that. After that we were sitting at the table and C.O. Mann told Geroge cell mate he was sorry.

P.R.

I have read this statement consisting of **1** page(s), and I understand it and it is true.

This statement was completed at **1324** a.m./**p.m.**, on the **7** day of **November**, 20**19**.

X **P. Renfro**
Signature of person giving voluntary statement

WITNESS: **Det. Ryan Hensley #1525**

WITNESS:_____

Quality Publishing Co.   PAGE **1** OF **1**   BCSO: 53

BUTLER COUNTY SHERIFF'S OFFICE

ORDER: P19-215            DATE: November 8, 2019

TO: ALL PERSONNEL

FROM: SHERIFF RICHARD K. JONES

RE: PROBATIONARY REMOVAL - MANN

    Effective Thursday, November 7, 2019, Deputy Sheriff/Corrections Officer Evan Mann's employment with the Butler County Sheriff's Office was terminated by probationary removal.

    He will no longer have employee access to Sheriff's Office property and equipment as of that date.

    Your cooperation is expected and appreciated.

R.K. Jones
Sheriff Richard K. Jones



The Edge Exchange

| | | | |
|---|---|---|---|
| **Offender:**<br>GEORGE BARRETT<br>(042754) | **Location:**<br>CORRE | **Subject:**<br>proble | **Topic:**<br>Grievance - Request Formal Grievance Form |
| **Assigned:** | **Flag:** | **Ref #:**<br>8696347 | **Status:**<br>Replied |

**GEORGE BARRETT** (042754)  -  11/5/2019 11:39:56 AM

co came in my cell and put his hands on me

**Sgt. Burkett**  -  11/6/2019 7:11:47 PM

Which CO? When did this occur?

The Edge Exchange

| Offender: | Location: | Subject: | Topic: |
|---|---|---|---|
| GEORGE BARRETT (042754) | CORRE | SGT | Grievance - Request Formal Grievance Form |
| Assigned: | Flag: | Ref #: 8709540 | Status: Read |

**GEORGE BARRETT** (042754) - 11/7/2019 6:57:39 AM

IT WAS CO MANN IT HAPPENED ON ABOUT 10 20 19

# Butler County Sheriff's Office

**Sheriff**
**Richard K. Jones**

*Chief Deputy*
*Anthony E. Dwyer*



705 Hanover St
Hamilton, Ohio 45011
513-785-1000

**Inter-Office**
**Correspondence**

---

Date: 11/06/2019

To: Lt. Clendenin 1353

From: Sgt. Rumpler

Subject: Officer Mann, Evan (2417)

While doing rounds in G-pod I was stopped by inmate Barrett, George (042754) who claimed that Officer Mann (2417) came to his cell and punched him in the face several times. He stated that officer Mann was mistaken him for another inmate.

Inmate Barrett also said that Officer Gilbert, Zack (2506) was assigned to the block and Officer Mann relieved Officer Gilbert when the incident happened. He claims he was given phone cards and was promised coffee not to say anything.

A complaint on staff was issued for the following accusations.


Sgt. Rumpler (1496)